IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 09-1125-TUC-FRZ (GEE) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Rolando Ramon Sanchez, | ) | |
| Defendant. | ) | |

The District Court referred this case to the Magistrate Judge for consideration of pretrial motions.

Pending before the court is the defendant's motion to dismiss the indictment filed on October 7, 2009. [Doc. # 27] Sanchez argues the superceding indictment fails to state an offense and violates his Second Amendment rights. The government filed a response, and Sanchez filed a reply. Magistrate Judge Edmonds held a hearing on the motion on November 6, 2009. The Magistrate Judge recommends the motion be denied.

**CHARGES:**

The superceding indictment charges that Sanchez,

> who was subject to a court order issued in Pima County Superior Court, Tucson, Arizona, case number CR 08131959, on February 9, 2009, after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking or threatening an intimate partner, that by its terms explicitly prohibited the use, attempted use

> or threatened use of force against such intimate partner that would reasonably be expected to cause bodily injury; did knowingly possess a firearm and ammunition . . .said firearm and ammunition being in and affecting commerce . . . in violation of Title 18, United States Code, Sections 922(g)(8) and 924(a)(2).

Superceding indictment, pp. 1-2 (emphasis added).

## *Facts*:

On March 7, 2009, Sanchez was found in possession of a concealed handgun and ammunition when his vehicle was stopped for traffic violations.

For the purposes of this motion, Sanchez concedes he was convicted of domestic violence on January 29, 2009. His sentence was suspended, and he was placed on supervised domestic violence probation. The sentencing minute entry states, among other things, that he is to "have no contact with [his girlfriend or her family] except in court proceedings." (Defendant's motion, Exhibit A.)

The government maintains this order makes Sanchez a prohibited possessor pursuant to 18 U.S.C. § 922(g)(8)(C)(ii). The indictment states this order was issued by Pima County Superior Court, Tucson, Arizona on February 9, 2009. Sanchez presented evidence at the hearing that it was issued by Tucson City Court on January 29, 2009. *See* R.T. pp. 12-13. The court will assume for the purposes of this motion that Sanchez is correct.

Sanchez argues the order issued by Tucson City Court is not an order "restraining him from harassing, stalking or threatening an intimate partner, that by its terms explicitly prohibited the use, attempted use or threatened use of force against such intimate partner that would reasonably be expected to cause bodily injury." *See* (Superceding indictment.); 18 U.S.C. § 922(g)(8)(B),(C)(ii).

## *Discussion:*

"In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *U.S. v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "[T]he court must accept the truth of the allegations in the

indictment in analyzing whether a cognizable offense has been charged." *Id*. "The indictment either states an offense or it doesn't." *Id*.

"[A] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *U.S. v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. . . ." *Id*. While a pretrial ruling might conserve judicial resources, the court is not authorized to address what is essentially a Rule 29 motion for judgment of acquittal under the guise of Rule 12. *See U.S. v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993).

In this case, Sanchez does not dispute that the superceding indictment charges a cognizable offense. Instead, he argues the government will not be able to prove that the court order to which he is subject satisfies the various requirements of the statute. A Rule 12 motion, however, may not be employed for this purpose. The court is not authorized to make a ruling that properly should be reserved to the trier of fact. *See U.S. v. Nukida*, 8 F.3d 665 669-70 (9th Cir. 1993) ("Inasmuch as Nukida's arguments before the district court challenged the government's ability to prove that her actions affected commerce, her motion to dismiss amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense."); *but see U.S. v. Phillips*, 367 F.3d 846, 855-56 (9th Cir. 2004) (The district court properly ruled as a matter of law that the term "navigable waters" as used in the Clean Water Act includes tributaries to a navigable waterway.), *cert. Denied*, 543 U.S. 980 (2004).

Sanchez further argues the charge in the indictment violates his Second Amendment rights. In *District of Columbia v. Heller*, 554 U.S. ___, 128 S.Ct. 2783 (2008), the Supreme Court held the Second Amendment confers an individual right to keep and bear arms. The Court cautioned, however, that the right not absolute, and "nothing in [its decision] should be taken to cast doubt on long standing prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places . . . or

laws imposing conditions and qualifications on the commercial sale of arms. . . ." *Heller*, 554 U.S. at ___, 128 S.Ct. at 2816-17.

The statute at issue here prohibits firearm possession by persons subject to certain domestic violence protective orders. 18 U.S.C. §922(g)(8). Unlike the prohibition against firearm possession by felons, this prohibition is only temporary and lasts only as long as the order remains effective. This is presumably the time period when the risk of violence is the greatest. Assuming Second Amendment rights are subject to strict scrutiny, the court concludes the statute at issue here is a narrowly tailored measure designed to further the compelling government interest in reducing domestic violence. It does not violate the Second Amendment. *See U.S. v. Lippman*, 369 F.3d 1039, 1043-44 (8th Cir. 2004), *cert. Denied*, 543 U.S. 1080 (2005); *U.S. v. Emerson*, 270 F.3d 203, 261-64 (5th Cir. 2001), *cert. Denied*, 536 U.S. 907 (2002); *U.S. v. Grote*; 2009 WL 853974 (E.D.Wash. 2009).

**RECOMMENDATION:**

In view of the foregoing, it is recommended that after an independent review of the record, the District Court **DENY** the defendant's motion to dismiss the indictment filed on October 7, 2009. [Doc. # 27]

This Report and Recommendation is being faxed to all counsel on this date. Counsel must file any objections within ten (10) days of today's date.

DATED this 20th day of November, 2009.

_____
Glenda E. Edmonds
United States Magistrate Judge